

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-27-2002

# USA v. Guadarrama

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3453

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Guadarrama" (2002). *2002 Decisions.* Paper 784.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/784

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3453
_____

UNITED STATES OF AMERICA

v.

JUAN GUADARRAMA, <u>Appellant</u>
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 00-cr-00663)
District Judge: Honorable Stephen M. Orlofsky
_____

Submitted Under Third Circuit LAR 34.1(a)
October 15, 2002
Before: BECKER, <u>Chief Judge</u>, ROTH and ROSENN,
<u>Circuit Judges</u>.

(Filed: November 27, 2002 )
_____

OPINION
_____

BECKER, <u>Chief Judge</u>.

Juan Guadarrama appeals from a judgment of the District Court in a criminal case

entered pursuant to a plea of guilty to an indictment charging him with making

approximately $940 in counterfeit United States currency and with possession of

approximately 980 counterfeit alien registration cards. Guadarrama presses two arguments

on this appeal.

First, he submits that his trial counsel rendered ineffective assistance during his sentencing hearing by failing to make a motion for downward departure based on his status as an illegal alien and the possibility that he might consent to a voluntary deportation. No hearing was ever held on this issue. Accordingly, Guadarrama is not entitled to raise this issue on direct appeal. As we have made clear in a number of cases, *see, e.g. United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998) we will not review an ineffective assistance claim on direct appeal unless there is a sufficient record to dispose of the claim. More importantly, we have consistently held that the proper avenue for pursuing such claims is through a collateral proceeding [under 28 U.S.C. § 2255] in which the factual basis for the claim may be developed. *Id.*

Second, Guadarrama asserts that the District Court should not have imposed a two-level sentencing enhancement for obstruction of justice. The District Court ordered the sentencing enhancement because it concluded that the government had proven, by clear and convincing evidence, that Guadarrama had committed perjury at the suppression hearing, since Guadarrama's testimony was false, material and willful. As the District Court saw it, the sentencing hearing basically presented "a swearing contest" between Guadarrama and the four law enforcement officers who testified at the hearing. The Officers (and others) said that Guadarrama clearly understood English; Guadarrama testified that he did not. The District Court's factual finding that Guadarrama committed perjury, which was based on its decision to credit the testimony of four law enforcement officers over Guadarrama's testimony, was not clearly erroneous.

2

The judgment of the District Court will be affirmed.  This is without prejudice to the

subsequent filing of a motion under § 2255 alleging ineffective assistance of counsel.

_____

TO THE CLERK:

Please file the foregoing Opinion.

BY THE COURT:

/s/ Edward R. Becker
Chief Judge

3